UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WINIFRED MACK,

                              Plaintiff,

                                                          DECISION AND ORDER

                                                          23-CV-6496DGL

            v.

ANTHONY J. SCHANTZ,

                              Defendant.
_____

On July 6, 2023, plaintiff Winifred Mack filed a claim in Small Claims Court in

Rochester, New York against Anthony J. Schantz, seeking $3775 in damages in connection with

an incident that occurred on September 11, 2020.  (Dkt. #1-2.)  On August 28, 2023, Schantz,

who is represented by the United States Attorney, removed the action to this Court pursuant to 28

U.S.C. § 1346(b)(1) on the ground that he was an employee of the United States Government

acting within the scope of his duties at the time of the alleged incident.

Defendant has now moved to dismiss the claim for lack of subject matter jurisdiction

pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or in the alternative to

substitute the United States of America as the defendant pursuant to 28 U.S.C. § 2679(d)(1).

Plaintiff, who appears *pro se*, has filed a response to the motion.


**DISCUSSION**

Defendant's motion to dismiss is granted.  The evidence in the record shows that on or

about March 11, 2022, the United States Postal Service ("USPS") received a claim from plaintiff

dated September 27, 2021, alleging that on September 11, 2020, plaintiff was struck by a USPS truck as plaintiff was crossing the street on a scooter.  (Dkt. #5-2.)  In a letter dated November 9, 2022 and sent to plaintiff by Certified Mail, USPS informed plaintiff that her claim was denied. (Dkt. #5-3.)  USPS official Kimberly A. Herbst states in a declaration that Schantz was the driver of the USPS truck, and United States Attorney Trini E. Ross has certified that Schantz was acting within the scope of his federal employment at the time of the incident.  (Dkt. #5-1, #5-4.)

The doctrine of sovereign immunity bars federal courts from hearing suits against the federal government, including suits against any part of the federal government, such as a federal agency or federal officer, except where sovereign immunity has been waived.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994).  The Federal Tort Claims Act ("FTCA") waives the sovereign immunity of the United States for claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment.  *See* 28 U.S.C. §§ 1346(b)(1), 2680.

Before bringing an FTCA claim in federal court, a plaintiff must comply with the FTCA's procedural requirements.  *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).  In order to exhaust the FTCA's administrative remedies, a claimant must file a written claim for damages with the appropriate federal entity and receive a final written determination.  *See* 28 U.S.C. § 2675(a).  Such an administrative claim must be in writing, specify the damages sought, and be filed within two years of the date the claim accrues. 28 U.S.C. §§ 2401(b), 2675(a).

A claimant may file suit in federal district court seeking review of the agency's final decision within six months of the date the notice of final agency decision is mailed.  *See*

§ 2401(b).  This exhaustion requirement is jurisdictional and cannot be waived.  *See Celestine*, 403 F.3d at 82.

In the case at bar, plaintiff's claim was denied on November 9, 2022.  Plaintiff therefore had six months from that date, *i.e.*, until May 9, 2023, to file an action in court.  Although the denial letter expressly informed plaintiff of the six-month period for filing suit, she did not file her small-claims complaint until July 6, 2023, nearly two months beyond the deadline.

In her response to defendant's motion, plaintiff does not address the timeliness issue, but merely discusses the September 11, 2020 incident and explains why Schantz was at fault and the injuries and property damage she sustained.  (Dkt. #9.)  She presents no reason for untimely filing her court case, or any facts or allegations providing a basis for equitable tolling.  Accordingly, her complaint was untimely and did not meet the procedural requirements of the FTCA, and the action must therefore be dismissed for lack of subject matter jurisdiction.  *See Ediagbonya v. United States*, No. 18-cv-3882, 2021 WL 4226400, at *4 (S.D.N.Y. Sept. 15, 2021) (dismissing complaint where plaintiff filed suit more than six months after receiving denial letter, which "was sent by certified mail to Plaintiff's attorney at the time, stated the reason for denial, and warned Plaintiff that he had six months to file suit in district court").

**CONCLUSION**

Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction (Dkt. #5) is granted, and the complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(1).  Defendants' motion in the alternative to substitute the United States of America as defendant in place of Anthony J. Schantz is denied as moot.

To the extent that plaintiff's letter to the Court filed on November 27, 2023 (Dkt. #8) can be construed as a motion for appointment of counsel, it is denied as moot.

IT IS SO ORDERED.

_____
        DAVID G. LARIMER
    United States District Judge

Dated: Rochester, New York
          November 30, 2023.